UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE )<br><br>Plaintiff )<br><br>v. )<br><br>PARTH LLC doing business as )<br>Quality Inn, and )<br>formerly doing business as )<br>Comfort Inn Salisbury )<br>SERVE ON:  Parag K. Mehta, )<br> Resident Agent )<br> 2701 N. Salisbury Boulevard )<br> Salisbury, MD  21801 )<br> )<br> Or )<br> )<br> 1018 Marley Manor Dr. )<br> Apt. 103 )<br> Salisbury, MD 21804 )<br> )<br>AND )<br> )<br>PARAG K. a/k/a "PAUL" MEHTA, Individually )<br>2701 N. Salisbury Boulevard )<br>Salisbury, MD  21801 )<br> Or )<br>1018 Marley Manor Dr., Apt. 103 )<br>Salisbury, MD 21804 )<br> )<br> Defendants )<br> ) | Civil Action No.:_____<br><br>**COMPLAINT AND<br>JURY TRIAL DEMAND** |

**COMPLAINT AND JURY TRIAL DEMAND**

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, as well as state law principles, seeking damages and other relief on behalf of a former hotel employee, Jane Doe.[1] This action seeks damages and other relief resulting from unlawful sexual harassment, assault and battery in the course of Plaintiff's employment, which led to Plaintiff's constructive discharge. Plaintiff also seeks relief for the negligent hiring and/or retention of the hotel general manager and principal who committed the acts.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court over the sexual harassment claim is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e-5(f) and 42 U.S.C. §§ 1981a, all of which authorize this action. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claim that they form a part of the same case or controversy.

3.      The acts complained of were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

4.      At all relevant times, Defendant Parth LLC ("Quality Inn") is and has been a Maryland limited liability company, doing business presently as Quality Inn, and formerly as Comfort Inn Salisbury, in Salisbury, Maryland.

5.      At all relevant times, Defendant Parag K. a/k/a "Paul" Mehta ("Mehta") has been a member, principal and the general manager of Defendant Quality Inn. In this capacity, Mehta acted as

---

[1] Given the public interest in protecting the identities of sexual assault victims, the Plaintiff is utilizing a pseudonym.

the alter ego of Quality Inn, and was responsible for the daily operations of the business at its Salisbury, Maryland location, with authority to hire, fire, supervise and discipline employees, including Plaintiff.

6.     At all relevant times, Quality Inn continuously has been an employer engaged in an industry affecting commerce, and employing at least 15 employees.

7.     Plaintiff is a female resident of Maryland who was employed to work at Defendant Quality Inn.

8.     Plaintiff filed a timely Charge of Discrimination alleging sexual harassment with the Baltimore office of the Equal Opportunity Commission ("EEOC"), which was cross-filed with the Maryland Commission on Civil Rights. The EEOC issued Plaintiff a Right to Sue letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS COMMON TO ALL COUNTS

9.     Plaintiff began her employment at Defendant Quality Inn as a hotel maid in early March 2014.

10.     On March 11, 2014, on the pretense of supervising her work, Mehta followed Plaintiff into an empty guest room where she was working, and demanded that she hug him. Mehta then followed Plaintiff into another empty guest room, also on the pretext of supervising Plaintiff's work. There, he came behind her, embraced her in a bear hug, kissed her on her neck, put his hands under her shirt, and fondled her body.

11.     Plaintiff was shocked, horrified and dismayed by Mehta's misbehavior, which was sexually inappropriate, and was threatening, humiliating and demeaning to Plaintiff. Plaintiff immediately disengaged from Mehta, ran crying through the hotel hallway and lobby, and exited the building. She brought criminal charges against Mehta that same day, and he was in fact convicted of

assault in connection with the incident, following a trial on the merits during which the hotel's front reception clerk corroborated Plaintiff's testimony. Mehta was ordered to spend five weekends in jail, and serve probation. As an express condition of probation, Mehta also was ordered to "submit to evaluation and attend counseling for psychiatric or psychological treatment," and to "attend and successfully complete abuser sex education." Plaintiff never returned to the job.

12. The unlawful behavior described above was unwelcome, and was done intentionally, with actual malice and/or with reckless or deliberate indifference to the federally protected rights of Plaintiff. Mehta used his position of power and authority as the general manager of Quality Inn and as a principal and owner of the business to create an unlawful sexually hostile work environment, to demand submission to sexual advances as a condition of Plaintiff's employment or continued employment, and thereby to humiliate and demean Plaintiff. Mehta abused his power knowing that Plaintiff needed her job as a hotel maid desperately, and believing that she was not in a strong position to refuse his demands.

13. The unlawful criminal misconduct directed against Plaintiff was severe and pervasive, and was offensive and abusive enough to amount to a hostile work environment, resulting in the constructive discharge of Plaintiff. As a result of Mehta's unlawful misconduct, Plaintiff was placed in immediate fear for her physical safety and well-being, such that she could no longer work for Defendants. No reasonable employee would continue working for an employer who subjected her to such intolerable treatment, and a reasonably foreseeable consequence of Mehta's unlawful behavior was that Plaintiff would be forced to quit. Thus, Plaintiff suffered an adverse tangible employment action because of the unlawful conduct, and she was damaged as a result.

## COUNT I
## (SEXUAL HARASSMENT v. DEFENDANT QUALITY INN)

14.    Plaintiff adopts and incorporates by reference the contents of the paragraphs before this Count I as if they were set forth in full here.

15.    In violation of Title VII, Defendant Quality Inn discriminated against Plaintiff on the basis of her sex by creating a sexually hostile work environment, which subjected her to different and worse treatment than males.

16.    In violation of Title VII, Defendant Quality Inn discriminated against Plaintiff by demanding submission to sexual advances as a condition of her employment or continued employment, which also subjected her to different and worse treatment than males.

17.    Defendant Quality Inn's sexual harassment of Plaintiff also infringed on and interfered with Plaintiff's right to make and enforce a contract of employment because of Plaintiff's sex, in violation of 42 U.S.C. § 1981a.

18.    Mehta's misconduct must be attributed and imputed to Defendant Quality Inn due to his position and authority as owner, member, principal, general manager and insider of Defendant Quality Inn. Mehta, as an owner, member, principal, general manager and insider of Defendant Quality Inn had the authority and the ability to take tangible actions against Plaintiff in connection with her job, including both actual and apparent authority to fire, supervise and discipline Plaintiff. Mehta's unlawful conduct toward Plaintiff occurred on the hotel premises, in the course of supervising Plaintiff's work, which supervision was within the realm of Mehta's duties as an owner, member, principal and general manager of Defendant Quality Inn. Mehta used his actual and apparent authority as the alter ego of Defendant Quality Inn to accomplish his wrongful acts. Thus, the wrongful acts of Defendant Mehta were also the wrongful acts of Defendant Quality Inn.

5

19.     Defendant Quality Inn permitted, if not encouraged, the unlawful sexual harassment. Quality Inn had no effective policy prohibiting sexual harassment at the location where Plaintiff worked, and no effective means for employees to bypass a member, principal, general manager and insider, such as Mehta, with a complaint of sexual harassment.  Defendant Quality Inn also failed to take any effective remedial action to prevent, correct or stop Mehta's unlawful and offensive harassing behavior, either before or after Mehta was criminally convicted for his misconduct toward Plaintiff.  Defendant Quality Inn was on notice or should have been on notice of Mehta's dangerous propensities toward women, because at least one other woman made a criminal sexual assault charge against him before the incident with Plaintiff.  Consequently, Plaintiff and other female employees were (and remain) at risk of severe harm from him.

20.     As a direct and proximate result of Defendant Quality Inn's actions, Plaintiff has suffered and continues to suffer emotional injury and monetary damages, including the loss of her employment without notice, warning or a reference, damage to her career, loss of salary and benefits, loss of self-esteem, humiliation and related emotional pain and suffering.

## COUNT II
### (BATTERY v. BOTH DEFENDANTS)

21.     Plaintiff adopts and incorporates by reference the contents of the paragraphs before Count I as if they were set forth in full here.

22.     Mehta's actions toward Plaintiff were done without her consent, and with the intent to sexually assault Plantiff.  Such non-consensual contact by Mehta was threatening and harmful to Plaintiff, was highly offensive and in fact offended Plaintiff's reasonable sense of personal dignity, safety and physical well-being.  There was no legal justification, in the course of supervising Plaintiff's work,

for Mehta to demand that Plaintiff touch his body, to embrace Plaintiff, to kiss her neck, to put his hands under her shirt, or to fondle her body.

23.     Mehta's misconduct must be attributed and imputed to Defendant Quality Inn due to his position and authority as owner, member, principal, general manager and insider of Defendant Quality Inn. Mehta, as an owner, member, principal, general manager and insider of Defendant Quality Inn had the authority and the ability to take tangible actions against Plaintiff in connection with her job, including both actual and apparent authority to fire, supervise and discipline Plaintiff. Mehta's unlawful conduct toward Plaintiff occurred on the hotel premises, in the course of supervising Plaintiff's work, which supervision was within the realm of Mehta's duties as an owner, member, principal and general manager of Defendant Quality Inn. Mehta used his actual and apparent authority as the alter ego of Defendant Quality Inn to accomplish his wrongful acts. Thus, the wrongful acts of Defendant Mehta were also the wrongful acts of Defendant Quality Inn.

24.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional injury and monetary damages, including the loss of her employment without notice, warning or a reference, damage to her career, loss of salary and benefits, loss of self-esteem, humiliation and related emotional pain and suffering.

## COUNT III
## (ASSAULT v. BOTH DEFENDANTS)

25.     Plaintiff adopts and incorporates by reference the contents of the paragraphs before Count I as if they were set forth in full here.

26.     Mehta's actions toward Plaintiff were done without her consent, and with the intent to sexually assault Plaintiff. Mehta's actions were highly offensive, and threatened Plaintiff's reasonable

7

sense of personal dignity, safety and physical well-being.  Mehta acted with the intent and capability to sexually assault Plaintiff, and thereby to do bodily harm to Plaintiff.

27.    Mehta's actions caused Plaintiff to be put in reasonable apprehension of an imminent sexual assault.  Therefore, Mehta's actions placed Plaintiff in immediate fear for her physical safety and well-being, such that she could no longer work for Defendants.

28.    Mehta's misconduct must be attributed and imputed to Defendant Quality Inn due to his position and authority as owner, member, principal, general manager and insider of Defendant Quality Inn.  Mehta, as an owner, member, principal, general manager and insider of Defendant Quality Inn had the authority and the ability to take tangible actions against Plaintiff in connection with her job, including both actual and apparent authority to fire, supervise and discipline Plaintiff.  Mehta's unlawful conduct toward Plaintiff occurred on the hotel premises, in the course of supervising Plaintiff's work, which supervision was within the realm of Mehta's duties as an owner, member, principal and general manager of Defendant Quality Inn.  Mehta used his actual and apparent authority as the alter ego of Defendant Quality Inn to accomplish his wrongful acts.  Thus, the wrongful acts of Defendant Mehta were also the wrongful acts of Defendant Quality Inn.

29.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional injury and monetary damages, including the loss of her employment without notice, warning or a reference, damage to her career, loss of salary and benefits, loss of self-esteem, humiliation and related emotional pain and suffering.

**COUNT IV**
**(NEGLIGENT HIRING AND/OR RETENTION**
**v. DEFENDANT QUALITY INN)**

30. Plaintiff adopts and incorporates by reference the contents of the paragraphs before Count I as if they were set forth in full here.

31. Defendant Quality Inn was on notice or should have been on notice of Mehta's dangerous propensities toward women either at the time of his initial employment or thereafter, because Mehta admitted to the police on the day of the incident with Plaintiff that at least one other woman had made a sexual assault criminal charge against him before the incident with Plaintiff. The other principals of Defendant Quality Inn were family members of Mehta, so they either knew or should have known of his prior history and his dangerous propensities. Therefore, it was entirely foreseeable that Mehta would assault Plaintiff and other females. Nevertheless, Mehta was placed or left in a position of control over the hotel premises and female employees, including Plaintiff.

32. Defendant Quality Inn had a duty, and failed in its duty, to exercise such control over its owner, member, principal and general manager Mehta, so as to prevent Mehta, while on the Quality Inn premises, either from intentionally harming female employees such as Plaintiff, or from so conducting himself as to create an unreasonable risk of bodily harm to female employees such as Plaintiff.

33. As a direct and proximate result of the failure of Defendant Quality Inn to exercise its duty to control Mehta, Plaintiff was placed at risk of the bodily harm inflicted by Mehta. Plaintiff has suffered and continues to suffer emotional injury and monetary damages, including the loss of her employment without notice, warning or a reference, damage to her career, loss of salary and benefits, loss of self-esteem, humiliation and related emotional pain and suffering.

9

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment on her behalf against Defendants, and:

A.      find and hold that Defendant Quality Inn discriminated against Plaintiff on the basis of her sex by creating a sexually hostile work environment, which subjected her to different and worse treatment than males, in violation of Title VII;

B.      find and hold that Defendant Quality Inn discriminated against Plaintiff on the basis of her sex by demanding sexual favors as a *quid pro quo* condition of her employment or continued employment, which subjected her to different and worse treatment than males in violation of Title VII;

C.      find and hold that Defendant Quality Inn's sexual harassment infringed on and interfered with Plaintiff's right to make and enforce a contract of employment with Defendant Quality Inn because of Plaintiff's sex, in violation of 42 U.S.C. § 1981a;

D.      find and hold that Defendants battered and/or assaulted Plaintiff;

E.      find and hold that Defendant Quality Inn negligently retained and/or hired Defendant Mehta;

F.      order Defendants to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, and prejudgment interest, in amounts to be determined at trial;

G.      order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation and humiliation, in amounts to be determined at trial;

H.      order Defendants to pay Plaintiff punitive damages, in amounts to be determined at trial;

I.      award Plaintiff her attorneys' fees and costs associated with this case and with the administrative proceedings before this case; and

J.      grant such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial.

Respectfully submitted,

_____/s/_____

Julie C. Janofsky, Bar No. 02622
FEDDER & JANOFSKY LLC
2650 Quarry Lake Drive - Suite 100
Baltimore, MD 21209
410.415.0082/  Fax:  410.415.0085
jjanofsky@mdcounsel.com

Attorneys for Plaintiff

Complaint 111314.docx

11